# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| AR SYSTEMS, LLC d/b/a ACCURATE ROOF SYSTEMS,<br><br>    Plaintiff,<br><br>v.<br><br>BEST SOLAR NOW, LLC,<br><br>    Defendant. | § § § § § § § § § § § § § Case No. 6:23-cv-392-JDK |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

This is a breach of contract case. Plaintiff AR Systems, LLC d/b/a Accurate Roof Systems ("AR Systems") entered into a contract with Defendant Best Solar Now, LLC ("Best Solar") for the provision of AR Systems's services in lead and sales generation.[1] Docket No. 1 ¶ 8. Best Solar failed and refused to pay the amount due pursuant to the contract. *Id.* ¶ 15. Best Solar has not answered or otherwise appeared in the time allowed under Federal Rule of Civil Procedure 12(a), and the Clerk has entered default. Docket No. 7. AR Systems moves for default judgment, seeking damages, attorneys' fees, prejudgment and post-judgment interest, and costs. Docket No. 8 at 3–6.

As explained below, the Court **GRANTS** the motion.

---

[1] Because Best Solar has not appeared, filed a responsive pleading, or responded to the motion for default judgment, the Court accepts as true AR Systems's well-pleaded facts. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Case 6:23-cv-00392-JDK   Document 9   Filed 12/07/23   Page 2 of 13 PageID #: 66

## I.

AR Systems provides services related to solar sales, installation, and maintenance. Docket No. 1 ¶ 8. On February 1, 2022, AR Systems and Best Solar entered into an agreement for AR Systems to generate personal leads and execute sales agreements for residential solar accounts for Best Solar in exchange for a 2.25% commission for the deals generated by AR Systems. *Id.* ¶¶ 8–9; Docket No. 8, Ex. 2 ¶ 6. Over the course of the contract, AR Systems provided six lead generations and secured corresponding sales contracts for Best Solar. Docket No. 1 ¶ 10; Docket No. 8, Ex. 2 ¶ 8. AR Systems provided its services in accordance with the terms of the agreement. Docket No. 1 ¶ 10; Docket No. 8, Ex. 2 ¶ 8. The customers generated by AR Systems paid Best Solar in full for the services performed by AR Systems. Docket No. 1 ¶ 10. Best Solar represented that it would promptly pay AR Systems in full for the services. *Id.* ¶ 11. AR Systems invoiced Best Solar for a total of $169,617.94 for the services, consistent with the terms of their agreement. *Id.* ¶¶ 13–14; Docket No. 8, Ex. 2 ¶ 7; *id.*, Ex. 2-A. AR Systems demanded payment, but Best Solar failed and refused to pay. Docket No. 1 ¶ 15. Best Solar continues to refuse to pay the amount due. *Id.*

On August 8, 2023, AR Systems filed this lawsuit, alleging claims of breach of contract, quantum meruit, and unjust enrichment. Docket No. 1. On September 7, 2023, AR Systems properly served summons and the complaint through the Texas Secretary of State, and later filed the executed return of service. Docket Nos. 4–5. To date, Best Solar has not appeared, answered, or otherwise responded to

the complaint. On October 5, 2023, AR Systems filed a request for Clerk's Entry of Default against Best Solar, which the Clerk entered on October 10, 2023, pursuant to Federal Rule of Civil Procedure 55(a). Docket Nos. 6–7.

AR Systems now seeks default judgment under Rule 55(b)(2). Docket No. 8. AR Systems requests the Court enter default judgment and award AR Systems (1) damages in the amount of $169,617.94 without a hearing; (2) attorneys' fees of $5,420.50 pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code, (3) prejudgment interest, (4) post-judgment interest, and (5) costs of $457. *Id.* at 3–6. Best Solar has not filed a response.

## II.

The Fifth Circuit has adopted a three-step process to obtain a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Second, an entry of default must be entered by the Clerk when the default is shown "by affidavit or otherwise." *Id.*; *N.Y. Life*, 84 F.3d at 141. And third, a party may apply to the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life*, 84 F.3d at 141. Here, the Clerk filed an entry of default on October 10, 2023. Docket No. 8.

The Court must now determine whether default judgment is proper. *N.Y. Life*, 84 F.3d at 141. "[T]he entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). As the Fifth Circuit has explained, "[d]efault judgments are a drastic remedy, not favored by the

Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnotes omitted). Thus, even if a defendant is "technically in default," "[a] party is not entitled to a default judgment as a matter of right." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). When deciding whether to enter a default judgment, the Court considers the following six factors:

> [W]hether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The Court must also assess the merits of the claims and determine whether the plaintiff has stated a proper claim for relief. *Nishimatsu*, 515 F.2d at 1206.

### III.

### A. Default Judgment

#### 1. Factors Governing Entrance of Default Judgment

Applying the six factors identified above, the Court concludes that a default judgment against Best Solar is appropriate.

*First*, no material facts are in dispute. Best Solar never answered or otherwise responded to AR Systems's complaint.

*Second*, Best Solar has prejudiced AR Systems by failing to appear or respond to the complaint or AR Systems's motion for default judgment.

*Third*, AR Systems clearly establishes the grounds for default. On September 7, 2023, AR Systems properly served summons and the complaint through the Texas Secretary of State. Docket No. 4. AR Systems filed the executed return of service. Docket No. 5. To date, Best Solar has not appeared, answered, or otherwise responded to the complaint. On October 5, 2023, AR Systems filed a request for Clerk's entry of default against Best Solar which the Clerk entered. Docket Nos. 6–7. Further, the Court has jurisdiction in this case under 28 U.S.C. § 1332(a)(1). Docket No. 1 ¶¶ 2–4.

*Fourth*, no evidence establishes that a good faith mistake or excusable neglect caused Best Solar's default. *See Prive Corp.*, 161 F.3d at 893.

*Fifth*, default judgment would not be too harsh. Best Solar has had ample time to file an answer or otherwise respond to the complaint and failed to do so.

*Sixth*, the Court cannot find a reason to set aside the default judgment if Best Solar filed a motion to do so. AR Systems clearly established the grounds for default, and Best Solar did not cause its default by a good faith mistake or excusable neglect. *See id.*

All factors support entering default judgment. Accordingly, default judgment is appropriate in this case. *See, e.g., id.*

### 2. Statement of Proper Claim for Relief

The Court also finds AR Systems stated a proper claim for relief in its pleadings. AR Systems's complaint includes three counts: breach of contract, quantum meruit, and unjust enrichment.

5

To state a breach of contract claim under Texas law, AR Systems must allege: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Conn Credit I, L.P. v. TF LoanCo III, L.L.C.*, 903 F.3d 493, 499–500 (5th Cir. 2018) (quoting *Smith Intern., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007)).

The Court finds that AR Systems has properly alleged a breach of contract claim. According to AR Systems's complaint and exhibits, AR Systems and Best Solar entered into a valid contract: AR Systems agreed to generate leads and execute sales agreements, and Best Solar agreed to pay a commission for these services. *Id.* ¶¶ 8–9. Best Solar drafted the contract. *Id.*, Ex. 1. AR Systems satisfied its obligation under the contract by providing six lead generations and securing corresponding sales contracts. Docket No. 1 ¶ 10. AR Systems included a summary of the customers generated by AR Systems for Best Solar, the commissions owed by Best Solar to AR Systems, and the date of the contract. *Id.* ¶ 14. AR Systems, moreover, submitted the invoices to Best Solar for the services provided under the contract. *Id.* ¶ 13. Best Solar, however, has not paid for the services. *Id.* ¶ 15. AR Systems alleges harm through the contract damages of the unpaid invoices and attorneys' fees. *Id.* ¶¶ 19–20. Accordingly, a sufficient basis in the pleadings exists to enter a default judgment on the breach of contract claim. *See Conn Credit I*, 903 F.3d at 499–500.

Because AR Systems merits relief through its contract with Best Solar, AR Systems cannot recover through quantum meruit. *See U.S. Quest Ltd. v.*

*Kimmons*, 228 F.3d 399, 406 (5th Cir. 2000) ("In general under Texas law, a party seeking to recover for services rendered will only be able to recover under quantum meruit when there is no express contract between the parties."). Similarly, AR Systems cannot recover through an unjust enrichment theory. *See Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 685 (Tex. 2000) ("The written contracts in this case foreclose any claims for unjust enrichment.").

### B. Relief Sought

AR Systems seeks five types of relief: (1) actual damages; (2) attorneys' fees (3) prejudgment interest, (4) post-judgment interest, and (5) costs. Docket No. 8 at 3–6. As explained below, there is sufficient evidence to support an award for the relief sought by AR Systems. The Court, however, disagrees with AR Systems's requested amount of attorneys' fees.

#### 1. Damages

AR Systems seeks $169,617.94 in actual damages for its breach of contract claim. Docket No. 8 at 3. In support of this amount, AR Systems submits the parties' agreement and a summary of the amounts owed by Best Solar for the services AR Systems provided. *Id.*, Exs. 1, 2-A. The summary includes the customers referred by AR Systems, the total amount of the contract between the customer and Best Solar, the commission owed to AR Systems for the executed sales agreement, the size of the customer's system, and AR Systems's notes about the customer. *Id.* AR Systems also attaches an affidavit from its president and custodian of records, Melissa Spencer, which affirms that AR Systems provided services to Best Solar and that Best Solar

7

failed to pay the balance of $169,617.94. *Id.*, Ex. 2. The affidavit represents that the records in Exhibit 2-A "were made by, or from information transmitted by, a person with knowledge of the events and conditions recorded." *Id.*, Ex. 2 ¶ 9. The affidavit further avers that the records "were made and kept in the regular course of business of AR Systems." *Id.*

For unliquidated contract damages, "[t]estimony of the total amount due under a written instrument is legally sufficient to support an award of that amount in a default judgment proceeding." *Sinkler v. Evergreen Valley Prods., LLC*, 2023 WL 6545419, at *5 (E.D. Tex. Sept. 13, 2023) (quoting *Tex. Commerce Bank v. New*, 3 S.W.3d 515, 517 (Tex. 1999)). "[A] trial court may rely on affidavits in proving unliquidated damages in default judgments; in fact it is error to not consider the affidavits." *Sherman Acquisition II LP v. Garcia*, 229 S.W.3d 802, 811 (Tex. App.—Waco 2007, no pet.). The attached records support AR Systems's assertions. *See* Docket No. 8, Exs. 1, 2, 2-A. Accordingly, the Court will award AR Systems actual damages of $169,617.94.

### 2. Attorneys' Fees

AR Systems requests that Best Solar pay reasonable attorneys' fees in the amount of $5,420.50. Docket No. 8 at 6. In support of this claim, AR Systems attaches an affidavit from AR Systems's counsel, who attested that his hourly rate "is in accordance with that customarily charged by attorneys with [his] skill and experience in cases of this nature in this geographical region." *Id.*, Ex. 3 ¶ 5. The affidavit also states that the amount represents a reasonable fee for "prosecuting this case and

8

judgment in the trial court" and "services required to perform post-judgment discovery and to satisfy the judgment by writ of execution and other procedures." *Id.*, Ex. 3 ¶¶ 7–8. The affidavit, moreover, attests that the services rendered by AR Systems's counsel were necessary and reasonable. *Id.*, Ex. 3 ¶ 6. And, finally, AR Systems attached the invoices from its counsel reflecting the services rendered in this matter. *Id.*, Ex. 3-A.

A party must meet two requirements to obtain an award of attorneys' fees under Texas Civil Practice & Remedies Code § 38.001: (1) a party must prevail on a cause of action for which fees are recoverable, and (2) it must recover damages. *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000) (citing *Green Intern. Inc. v. Solis,* 951 S.W.2d 384, 389 (Tex. 1997)). The Court must award fees if the prevailing party satisfies the above requirements. *Id.* (citing *World Help v. Leisure Lifestyles, Inc.,* 977 S.W.2d 662, 683 (Tex. App.—Fort Worth 1998, pet. denied)). The Court has discretion to determine the proper fee amount. *Id.* (citing *World Help*, 977 S.W.2d at 683).

Here, AR Systems is entitled to recover reasonable attorneys' fees. As noted above, AR Systems has satisfied the requirements for a default judgment on its breach of contract claim, which entitles the prevailing party to fees. *See* Tex. Civ. Prac. & Rem. Code § 38.001. The Court also awarded damages for AR Systems's claims. *See supra* Section III.B.1. AR Systems thus satisfies both requirements to obtain an award of fees. *See Kona Tech.*, 225 F.3d at 614.

Once the Court determines that a plaintiff is entitled to fees, the Court must use the lodestar method to determine the reasonable amount. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). Under the lodestar method, the Court first "calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Id.* Second, the Court considers whether it should adjust the lodestar figure upwards or downwards based on twelve factors. *Id.* Those twelve factors are:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The party seeking fees carries the burden to show that the hourly rate and number of hours expended on the litigation was reasonable and necessary. *See T-Mobile USA Inc. v. Shazia & Noushad Corp.*, 2009 WL 2003369, at *5 (N.D. Tex. July 10, 2009).

AR Systems's counsel's affidavit and invoices allow the Court to calculate a lodestar fee of $3,920.50 for completed work based on the provision of 7.9 hours of legal service by Eric J. Kolder at an hourly rate of $265.00, and the provision of 8.7 hours of legal service by Archer Ramey at an hourly rate of $210.00. *See* Docket No. 8, Ex. 3-A. These fees are reasonable based on the work performed in the case. *See,*

10

*e.g.*, *Arrow Elecs., Inc. v. Entegra Techs., Inc.*, 2016 WL 8290124, at *3 (E.D. Tex. Feb. 8, 2016). AR Systems does not request a variation based on the *Johnson* factors.

However, AR Systems also requests an additional $1,500 as a reasonable fee for initial collection efforts. Docket No. 8 at 5. The Court cannot include the $1,500 into the lodestar fee because AR Systems does not base its fee on a projected number of hours or an hourly rate. *See Migis*, 135 F.3d at 1047. Further, the lodestar includes only the number of hours expended, not expected to be expended. *See id.* AR Systems provides no support for the reasonableness of this fee.

After reviewing the evidence and considering the *Johnson* factors, the Court will award AR Systems $3,920.50 in attorneys' fees.

### 3. Prejudgment Interest

"Prejudgment interest is compensation allowed by law as additional damages for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment." *Kona Tech*, 225 F.3d at 613 (citing *Johnson & Higgins of Tex. Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507 (Tex. 1998) (emphasis omitted)). In a breach of contract case where the contract does not specify the rate, "prejudgment interest is calculated based on the statutory rate for postjudgment interest provided in section 304.003 of the Texas Finance Code." *Sinkler*, 2023 WL 6545419, at *5. The Texas Consumer Credit Commissioner determines the post-judgment interest rate as set by the Board of Governors of the Federal Reserve System at "the prime rate as published . . . on the date of computation," but the post-judgment interest rate cannot be less than five percent per year or greater than

11

fifteen percent per year. *See* Tex. Fin. Code § 304.003. The Texas Office of Consumer Credit Commissioner published a post-judgment interest rate of 8.50% per annum. *See Interest Rates*, TEXAS OFFICE OF CONSUMER CREDIT COMMISSIONER, http://occc.texas.gov/publications/interest-rates. "[P]rejudgment interest accrues on the amount of a judgment during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed." Tex. Fin. Code § 304.104. AR Systems shall recover prejudgment interest on its actual damages of $169,617.94 at the rate of 8.50%, which began to accrue on August 8, 2023, the date that AR Systems filed this suit. Accordingly, the Court will award AR Systems $4,779.51 for prejudgment interest.

### 4. Post-Judgment Interest

Section 1961 of Title 28 of the United States Code governs post-judgment interest. A prevailing party can recover post-judgment interest that accrues at the interest rate of "the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). AR Systems shall recover post-judgment interest on all amounts awarded at the rate of 5.16% per annum, compounded annually from the date of judgment until judgment is paid in full. *See Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991); *Selected Interest Rate Instruments, Yields in percent per annum: Weekly*, FEDERAL RESERVE ECONOMIC DATA, https://fred.stlouisfed.org/release/tables?rid=18&eid=290&od=#.

### 5. Costs

AR Systems seeks costs related to filing this lawsuit that total $457. The Court agrees and awards costs to AR Systems. *See* Fed. R. Civ. P. 54(d) ("[C]osts—other than attorneys' fees—should be allowed to the prevailing party.").

### IV.

For the reasons stated herein, the Court **GRANTS** AR Systems's Motion for Default Judgment (Docket No. 8). The Court will enter judgment in accordance with this order.

So **ORDERED** and **SIGNED** this **7th** day of **December, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE